# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANTHONY T. WINSTON,<br>Petitioner,<br>v.<br>WARDEN J. DOERER,<br>Respondent. | Case No. 1:25-cv-01799-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND DENY MOTIONS FOR TEMPORARY RESTRAINING ORDER<br><br>(ECF Nos. 1, 5, 8)<br><br>ORDER TERMINATING MOTIONS FOR JUDICIAL NOTICE<br><br>(ECF Nos. 11, 13) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

On December 10, 2025, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1.) On December 29, 2025 and January 12, 2026, Petitioner filed motions for temporary restraining orders. (ECF No. 5.) On January 20, 2026, the Court ordered Petitioner to show cause why the petition should not be dismissed. (ECF No. 9.) On February 23, 2026 and July 6, 2026, Petitioner filed motions for judicial notice.[1] (ECF Nos. 11, 13.)

[1] The Court construes these motions for judicial notice to be responses to the Court's order to show cause and has considered them. See Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) ("[T]he district court must construe pro se habeas filings liberally."); Castro v. United States, 540 U.S. 375, 381–82 (2003) (courts may recharacterize a pro se motion to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis").

## II.

## DISCUSSION

In the petition, Petitioner challenges his housing in the Special Housing Unit ("SHU") and asserts that he is actually innocent of all counts of conviction from his Eastern District of Virginia case. (ECF No. 1 at 4.[2])

Rule 4 of the Rules Governing Section 2254 Cases[3] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

### A. Actual Innocence Claim

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.
[3] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the United States District Court for the Eastern District of Virginia as the sentencing court.

The Supreme Court addressed "the interplay between" § 2241 and § 2255 in Jones v. Hendrix, 599 U.S. 465, 469 (2023). The Supreme Court stated that "[i]n § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed," and "[b]ecause § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied." Id. at 477–78. The Supreme Court stated that "[t]he saving clause does not undermine this strong negative inference," and "AEDPA's new restrictions on § 2255, therefore, are best understood as just that—restrictions on § 2255—not as expansions of § 2241's applicability." Id. at 478. Thus, "[a]fter AEDPA, as before it, the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court[.]" Id. "The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." Id. at 474. Accordingly, "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Id. at 471. "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." Id. at 480.[4]

---

[4] "[W]here intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority," the Ninth Circuit has held that "district courts should consider themselves bound by the intervening higher authority and reject

Here, Petitioner states that "28 U.S.C. § 2255(e) applies to this petition because the petitioner has not had a[n] unobstructed procedural shot to present his claim, due to ineffective assistance of counsel." (ECF No. 1 at 1.) "But § 2255(h) does not provide an exception to the limits on second or successive motions based on ineffective assistance of counsel in a previous round of litigation," and "*Jones v. Hendrix* makes clear that a petitioner may not use § 2255(e) to 'circumvent' the 'restrictions on second or successive § 2255 motions by filing a § 2241 petition.'" Barrie v. United States, No. 1:22cv203 (RDA/IDD), 2023 WL 5044977, at *4 (E.D. Va. Aug. 8, 2023) (quoting Jones, 599 U.S. at 471).

Petitioner also argues that "§ 2255(e) applies here because 28 U.S.C. § 2255 does not allow judicial review, and my circuit defines § 2241 as the appropriate statutory court for such action," citing to United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). (ECF No. 13 at 14–15.) However, Miller concerned a "claim for credit against a sentence attack[ing] the computation and execution of the sentence rather than the sentence itself." 871 F.2d at 490. In contrast, here, Petitioner asserts a claim of actual innocence rather than challenging the execution of his sentence, and the Supreme Court has rejected the argument " that § 2241 is available whenever a prisoner is presently unable to file a § 2255 motion." Jones, 599 U.S. at 482.

Further, the Ninth Circuit has held that Petitioner's prior § 2241 petition "alleg[ing] claims challenging the validity of his conviction from the Eastern District of Virginia" could not "be brought in a § 2241 petition under § 2255(e)'s saving clause." Winston v. Trate, No. 23-15187, 2023 WL 6160617, at *1 (9th Cir. Sept. 21, 2023). Accordingly, the Court recommends finding that § 2255(e) is inapplicable and the Court lacks jurisdiction over the petition.

**B. SHU Claim**

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, "a court may waive the prudential exhaustion requirement if 'administrative

---

the prior opinion of this court as having been effectively overruled." Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (quoting Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)). Although given the opportunity, Petitioner provided no information regarding pursuit of administrative remedies. Accordingly, the Court recommends finding that the SHU claim should be dismissed without prejudice for nonexhaustion.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED; and
2. Petitioner's motions for temporary restraining order (ECF Nos. 5, 8) be DENIED.

Further, the Court TERMINATES the motions for judicial notice (ECF Nos. 11, 13).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 15, 2026**

STANLEY A. BOONE
United States Magistrate Judge