UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANTHONY T. WINSTON,<br>Petitioner,<br>v.<br>WARDEN J. DOERER,<br>Respondent. | No. 1:25-cv-01799-KES-SAB (HC)<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br>Docs. 1, 5, 8, 14 |

Petitioner LeAnthony T. Winston is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 15, 2026, the assigned magistrate judge issued findings and recommendations that recommended dismissing the petition and denying petitioner's motions for temporary restraining order. Doc. 14. On August 18, 2026, the Court received petitioner's objections. Doc. 15.

As to petitioner's actual innocence claim, "the Court recommend[ed] finding that § 2255(e) is inapplicable and the Court lacks jurisdiction over the petition." Doc. 14 at 4. As the Supreme Court has explained, § 2255(e)'s saving clause "provides that a federal prisoner may file a petition for writ of habeas corpus under § 2241 if—and only if—§ 2255's 'remedy by motion is inadequate or ineffective to test the legality of his detention.'" *Jones v. Hendrix*, 599 U.S. 465,

471 (2023) (quoting 28 U.S.C. § 2255(e)). And that "the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 478. Petitioner has failed to demonstrate any such circumstances in his petition or objections.

As to petitioner's Special Housing Unit ("SHU") claim, petitioner states, "The Court questioned whether I exhausted my administrative remedies, and Exhibit-C will demonstrate that I have, and thus the writ should issue." Doc. 15 at 13. But Exhibit C is a rejection notice that states that petitioner's appeal was filed at the wrong level. *See id.* at 24. Petitioner has failed to establish that he exhausted his administrative remedies.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, including petitioner's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability ("COA") should issue. As to petitioner's actual innocence claim, "[w]here a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a COA." *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). The Court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a

certificate of appealability as to this claim.

As to petitioner's SHU claim, in the event a notice of appeal is filed, a certificate of appealability will not be required because the claim was brought pursuant to 28 U.S.C. § 2241 and this is not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Accordingly:

1. The findings and recommendations issued on July 15, 2026, Doc. 14, are ADOPTED in full;
2. The petition for writ of habeas corpus is DISMISSED;
3. Petitioner's motions for temporary restraining order, Docs. 5, 8, are DENIED;
4. The Clerk of Court is directed to close the case and terminate any pending motions as moot; and
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: September 17, 2026

UNITED STATES DISTRICT JUDGE